carry out that intent by a proper designation of a recipient capable in law of receiving, expending and applying the fund named. Nor is this such a charitable bequest as this court can execute. (*Bascom* v. *Albertson*, 34 N. Y., 585.)

" We therefore must order judgment for the defendants, declaring the bequest void."

*S. D. Bentley*, for the plaintiff.

*J. A. Stull*, for the defendant.

Opinion by HARDIN, J.; TALCOTT, P. J., and SMITH, J., concurred.

Judgment ordered for defendants, and fund ordered to be paid to the residuary legatees, with costs to the defendants, to be paid out of the fund.

---

RICHARD B. GREENWOOD, AS SURVIVOR OF HOWELL HOPPOCK AND RICHARD B. GREENWOOD, RESPONDENT, *v.* WILLIAM H. H. SIAS, APPELLANT, IMPLEADED, ETC.

*Action to charge, with a firm debt, one who has held himself out to be a member thereof—when the declarations of the person to whom the goods were sold are admissible as against the person sought to be charged.*

APPEAL by the defendant Sias from judgment in favor of the plaintiff, entered on the report of a referee. The action was brought to recover for a bill of goods sold for the plaintiff's firm by one Prindle, as their agent, to the defendant Ensworth, who conducted the negotiations therefor, and received the goods at a store in Sacketts Harbor. The question litigated was as to whether the defendant Sias was a partner, or had held himself out as such, so as to become liable for the purchase made by Ensworth. The referee found that Sias was not in fact a partner of Ensworth, but that he had said sufficient to the defendant, Ensworth, " to lead him to infer that the said Sias was his copartner in business, and the defendant having so stated and represented to plaintiff, and the plaintiff having sold and delivered the goods in question upon the faith

of such statements and representations, the defendant Sias is estopped from defending against plaintiff, upon the ground that he is not in fact a copartner of the defendant Ensworth." The referee reported against both of the defendants for $196.32 and interest thereof, from July 11, 1878. The defendant Ensworth did not answer or defend.

The court, at General Term, said : " It was not error to receive the evidence of Prindle, the agent of plaintiff's firm, who solicited the order for the goods in question in June, 1878. First. It was competent to prove the sale of the goods, and that the negotiations therefor were made by the defendant Ensworth, and that the order for the goods thus taken was transmitted by Prindle, the agent, to New York to the plaintiff's firm, and that the same were sold to the avowed firm of ' H. B. Ensworth & Co.' Second. Nor was it error to show that in that conversation and negotiation for the goods Ensworth represented that Sias was his copartner. The declarations of Ensworth were not admissible to establish that Sias was a partner, but for the purpose of establishing that the plaintiff's firm sold the goods in the faith that he was such a copartner, and in reliance upon the acts and conduct of the defendant, tending to carry the idea that he was a copartner. It was one of the elements entering into the question of estoppel. (*Poillon* v. *Secor*, 61 N. Y., 456.) Of course, we are not unmindful of the general rule that the declarations of one of several partners cannot be given in evidence to prove a partnership between them, until the liability of the party making the declaration has been established. (*McPherson* v. *Rathbone*, 7 Wend., 217; *Whitney* v. *Ferris*, 10 Johns., 66.)"

*Porter & Watts*, for the appellant.

*Lansing & Rogers*, for the respondent.

Opinion by Hardin, J.; Talcott, P. J., and Smith, J., concurred.

Judgment affirmed.